## FLORENCE KELCEY
vs.
## THE GREAT ATLANTIC & PACIFIC TEA CO.

| Superior Court | New Haven County | File #11532 |
|---|---|---|
| | (At Waterbury) | |

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

Francis P. Guilfoile,        Attorney for the Plaintiff.

Michael Blansfield,        Attorney for the Defendant.

### MEMORANDUM FILED OCTOBER 28, 1936.

O'SULLIVAN, J. On May 25, 1935, the defendant was conducting a retail store on Bank Street, one of the main business streets in the City of Waterbury. Outside of the store but upon its own land abutting the sidewalk, it maintained stands upon which it customarily displayed for the

purpose of sale all sorts of fruits and vegetables. On that date the plaintiff, intending to buy some string beans, walked toward the clerk in attendance at the stand, when she slipped upon a string bean on the sidewalk near the stand and fell.

The duty which the defendant owed this plaintiff was that of reasonable care. "If one conducts his business so that a danger may ensue and he has notice of it, he must use reasonable care to protect those who may be injured thereby." **Calway vs. Schaal & Son, 113 Conn., 586-590.** The defendant does not quarrel with this rule, but represents that it is inapplicable and that no duty has been breached because there was no notice of the presence of the bean brought home to it. The mere existence of the bean upon the sidewalk does not in itself establish negligence and want of reasonable care, for this condition may temporarily arise though the defendant had exercised the degree of care required of it by law. Where, however, the evidence had disclosed that the condition of danger was not a chance occurrence but so often repeated as to call for frequent notice by complaints to the defendant, notice may be established of the presence of the existing dangerous condition. **Markham vs. Bell Stores Co., 285 Penn. 378.**

The case at bar has furnished proof of the fact that on several occasions previous to May 25 vegetable matter had fallen from the stands and various people had called this to the attention of the defendant's employees. That refuse might fall upon the sidewalk was well known to the defendant, who had provided its employees with a broom to sweep away any vegetable matter lying around the stands which might prove a source of danger to those intending to buy.

All things considered, the Court is of the opinion that the defendant failed to exercise the care required of it under the circumstances. As this was the sole proximate cause of the plaintiff's injuries, judgment must enter in her favor.

The Court is not satisfied that the plaintiff has been seriously injured. The exaggeration of her injuries were made so manifest upon her testimony that they must be greatly discounted. Although the special damages which the plaintiff offered to establish were rather sizable, the damage actually sustained with a reasonable sum for such medical care as the injuries warranted is deemed to be One Hundred Fifty Dollars ($150.00).

Accordingly let judgment enter for the plaintiff to recover of the defendant One Hundred Fifty Dollars ($150.00).